Good morning. May it please the Court, I'm Kate Wells. I'm arguing on behalf of the plaintiff's appellants Grace and Lydon Sanborn. When you read the probable cause statement in support of the search warrant, which is basically at page 11 in Pelley's excerpts of the record, the statement reads basically, On May 19, I drove to 801 Vine Avenue. I observed a car in the driveway. I ran the license plate through the DMV and I found it was registered to Lyman Sanborn. Then on a single occasion, I called the trash people and found out what day their trash was being collected. And on a single occasion, he searched their trash and allegedly found marijuana stems, no leaves, no root balls, nothing, just some stems that he alleged were from marijuana cultivation. The probable cause statement was admittedly from a template that was used in many cases, as you have heard the other two cases this morning, where they plugged in the address and they plugged in the power usage. In this case, the probable cause statement also states that I subpoenaed the power records and this was the result. In his declaration, the author of the probable cause statement states that when he compared the residences, he didn't do anything to find out whether or not they were comparable residences in size, in number of occupants, that sort of thing. Counsel, that's all interesting, but the problem is we have procedural issues that are in this case and that's all, right? We're not talking about the reasonableness of the warrant or anything like that. What we're talking about here are my interrogatory questions and why they were material. But I thought the first issue was whether there was an abuse of discretion to deny the motion for continuance under Rule 56F. That's correct. And what I'm saying is that my interrogatory questions were designed to answer these questions that I had about their investigative techniques, the legitimate law enforcement purpose for their actions. Basically, what they have done in this probable cause statement. What you're showing, if I understand it correctly, has to be specific or sufficient evidence or at least evidence with sufficiently particular identity which would preclude summary judgment. And the questions, I'm not sure how, I guess I don't see how the questions alone would get you there. Well, that's what I'm trying to explain in terms of the probable cause statement. Okay. What they have done basically is the equivalent of an officer stopping a random car on the road for no particular reason and then smelling alcohol on the breath of the person they've stopped and giving them a legitimate field sobriety test which would, of course, be the trash search. No amount of finding that this person had alcohol on his breath is going to cure the original infirmity of the fact that there was no probable cause to zero in on them in the first place. This is what I was trying to establish. We had been conducting informal discovery in all of these cases together. We had discovered that they didn't subpoena the power records, that they found a way of bypassing and violating their rights as far as I was concerned in terms of how they got their power records. It was crucial and material to the issue of his credibility in terms of whether or not they had violated their rights. And as you know, it's possible that I was overly confident in my declaration that these things would be evident to Judge Burrell. And perhaps I was not as artful as I could have been in pointing out these material issues that I felt would be answered by these interrogatories. So what had you done to get answers to your interrogatories? Did you file a motion to compel answers? Your Honor, there had already been another one of these cases where this privilege had been alleged. And it was a parallel case that was going through also Eastern District Court, was in front of Judge Shub. I'm sorry. Shub, okay. And it had already been briefed and was set for hearing within a week. And I pointed that out in my brief to Judge Burrell. I attached the motion itself where they were arguing that this privilege was not available to them and that it was my intention if, in fact, they had not been successful to do a motion to compel. A motion to compel obviously would have been rendered moot if Judge Shub had found that Rule 6E was not available as a privilege for not responding to these questions. Counsel, I've got a question about the last issue, which is whether there's some use of discretion to deny the motion for reconsideration. I'd like to hear your argument on that. Okay. Well, you know, I pointed out the Bateman case in my argument. Well, Bateman only applies, as I understand it, if we're talking about 60B. And I did make 60B arguments. I failed to actually point to 60B. But in Bateman, they talk about the fact that that failure is still not released the judge from considering that as a 60B motion. I don't disagree with that. But the problem here is that you filed a motion for reconsideration within the 10-day period, which is typical for Rule 59. Right. And the judge interpreted it probably reasonably as a Rule 59 motion, in which case the standard is more permissive, is it not? In other words, Bateman doesn't really apply to a 59 motion. When you talk about 60B motions, typically this is long past the judgment, six months up to a year afterward, whatever. But for Rule 59, which would be a reasonable inference in terms of this motion, a different standard applies, is it not? Well, I did couch it in terms of a motion for consideration. But if you read my brief in support of it, it's clear I'm making 60B arguments in terms of the equities involved and the lack of prejudice to the other side. I made all of the arguments for a 60B motion and misstated it as a motion for reconsideration. And I also wanted to discuss just to save a little bit of time for rebuttal, but the failure to allow a hearing. In the Pelley's papers, they point out, well, all you needed to do was ask for a hearing. Apparently this is a pretty common procedure in Judge Burrell's court. The hearings are on Monday. I had a voicemail message on Friday afternoon at my office saying, from the clerk of Judge Burrell, saying the hearing is canceled and Judge Burrell has determined that this is not suitable for oral argument. I call back. I get a voicemail. I never get through to them. This was Friday and the hearing had been on Monday. So, you know, I don't quite know what I was supposed to do. Call them up and say, you know, gee, I'm sorry, but we are going to have our oral argument. I mean, you know, it's not as if I consciously waived it. Okay. I think we should hear from your adversary and then you have a minute for rebuttal. Thank you. I believe this is a situation where the sons of the son are visited on the parents. In this situation, the Scott Sanborn, although all that the plaintiffs needed to. Excuse me. All that the plaintiffs needed to create a fact question here on the issue of judicial deception was to have Scott Sanborn come in and say, I didn't find I mean, I didn't put any marijuana in the garbage. And the reason in this case that probably would have created a sufficient fact question as opposed to the earlier case is. And this is the one case where they didn't they didn't find any marijuana when they searched. And given that fact, which could cast some doubt on the officers claim that it does to discover marijuana in the garbage. If all of the residents denied putting marijuana in the garbage, I think that would be presumably a tribal issue of fact on judicial deception as to whether the officer actually found marijuana here. But he didn't do it. And there's a long history that was presented to the district court. His he was a named plaintiff, did not answer interrogatories, did not respond to requests for production and failed to show for his deposition three times. Then we move for summary judgment and he doesn't file a declaration of opposition, which is really there was no other reason that that would have been addressed. The issue raised by the motion. The other issues raised by their motion for continuance were the the motion for summary judgment was fairly carefully crafted to raise legal arguments that you don't need to go in. But our point that apparently the main reason I have the impression that Miss Wells wanted a continuance is, you know, to complete discovery. Namely, to get this privilege issue decided by judge. Well, one, the case had been ongoing. The hearing was set for within five days of the discovery cut off. They had not done any discovery in that case on this issue, nor did they do any subsequently in the other two related cases, which involved the very same issues. Was there such a motion pending before Judge Shub? I believe there was. But to my knowledge, it's never been ruled on. And there's never been a ruling on in these cases. And this issue was not raised in either Miller or the Arkland, which involved the same team, same methodology. What issue is this issue of trying to go back before the garbage search and find out what happened before the garbage search? What is I'm just curious. Do you know what the claim of privilege was based upon rule six? It was rule. It was rule. In this case, it was rule 60. And, Your Honor, I can tell you that I don't fully understand it. The way it came up was the U.S. Attorney's Office intervened in a criminal prosecution involving these officers and was instruct was telling the officers. You mean a criminal prosecution in state court? State court. Yeah. And telling them they couldn't testify to this stuff without being potentially held in contempt. And based on those representations, I felt I had to assert it until a district court judge ruled on that issue. I don't practice in criminal procedure, particularly in federal law. And you're saying this is a motion that was never ruled on? It has never been. To my knowledge, it has never been ruled on. And it was not raised in these two subsequent cases. And the point of my motion was some of the arguments I was making were that the power records were not material to probable cause. So you don't even need whether or not there's issues with the power records. The only issue that's material to probable cause was finding the marijuana in the garbage. And so, you know, to address those arguments that were raised in the motion, no further discovery was needed. And I believe basically the district court judge, it's an abuse of discretion standard here. And I don't think anything that the district court judge went beyond his sound discretion that he could do when presented with these facts. I really don't have anything to add other than what's in the papers unless you have questions. I've got a question about this Bateman issue. What do you interpret the rule to be where there's no invocation of either 59 or 60? It's a motion for reconsideration filed within 10 days. Is the judge does the judge have to apply Bateman or is he permitted to interpret it as a rule 59? Well, Bateman suggested to me that potentially the judge needed to apply rule 60. However, I can say this whole issue, this whole area of rule 60 seems somewhat confused to me because I think another case I cited in here, the Spicer. The dissenting judge criticized the majority for not applying the Bateman factors on a rule 60 motion. It was a case where a young attorney removed a case to federal court and didn't answer on time. And then it was found to be not reasonable neglect for him to not know the rules of when to answer. Isn't it your position in this case, more or less, I gather from your brief that this should be treated as a rule 60 motion? I say I wasn't I wasn't clear. And I did that in the event that I discussed it in the event that it should in the alternative. Well, suppose it is treated as a rule 60 motion. Is there excusable neglect? I don't believe so here. I think that there is there is a motion for summary judgment pending that the district court judges order pretrial order, you know, told both sides there's dire consequences if you don't oppose a motion for summary judgment. Rule 56 F is silent as to what happens if you move for a continuance and don't also file opposition. But I think it's sort of the old adage. Isn't that kind of a kind of a catch 22? If you if your position is, well, I need a rule 56 continuance so I can put together a decent opposition. But in spite of finding a motion for 56 F continues, you have to file opposition anyway. No, actually, in this in these facts, I don't think it's a rule. I mean, I catch 22 at all here. It would have been very easy to file an opposition to my motion based on the discovered facts and based on if it were filed. They would have won. Right. If they if it were filed, they would have won. They could have if they were to file one, but they didn't. And they did not need discovery to file. This case was fraught with delay caused by the plan, which was detailed to the district court judge. And the officers entitled to have the issue of the qualified immunity of good faith heard at the earliest opportunity. And the Supreme Court is clear on that. This has been delayed, delayed, delayed. And they didn't show good cause for further continuance. And I think their position seems to be, well, what about wanting this? You know, this this privilege issue in the rule six decided in getting getting their interrogatories answered. We had a year of discovery to try to do that. And but you're saying even today it's not resolved because it's not relevant. It hasn't been relevant to any of these cases. That's part of my point. I don't think this is ever a real issue. And in the other two cases, I'm sorry, I knocked this over. The other two cases, which raised the issue, it's not a real issue. But on that basis, you know, you're telling your clients, well, don't don't don't give them the discovery because you might be in contempt. And how do they know whether it's relevant enough to cancel your discovery? But they they could have addressed the issues in my motion that they were trying to go outside the issue. Raised my motion to ask for further discovery, which I believe is why Judge Burrell denied it. And they were complaining about that. How is it? Explain to me how it's outside your motion. Because I was my motion was arguing that none of those none of those issues were relevant. And if I was wrong on the law, then, you know, then I lose my motion. But if I'm correct on the law, they don't need to do that discovery because that was that was part of my point that you don't need. The power records were irrelevant to to this, what they need. They were not material. You're saying in the circumstances of this particular case, maybe because you had this other you had this other showing that you didn't need the power records, that the power records, even if they prove them false, they were not material to probable cause. In fact, a later California case involving the same team made that conclusion. And it was cited. It was. So what you're saying is what you're saying is a legal opposition could have been filed on the merits without the need for this. What I'll call the rule six discovery. Absolutely. And it never was. And there was just instead there were just requests for continuances and reconsideration. Absolutely. Let me ask this. I mean, is it is it the prevailing practice in the eastern district that these motions for continuance of summary judgment motions are denied? Is that sort of a customary practice there? I'm sorry. I didn't understand your question. I say to deny motions to continue summary judgment motions. I don't know. In fact, actually, I've brought many motions the first time I've had a request for continuance. And so I don't know that there's a prevailing practice. And is it routine to submit summary judgment motions without any hearing? Well, in Judge Burrell's department, it is routine not to have hearings unless the parties requested. And in this case, no, neither party requested it. There is there like a local rule that says something like that or just, you know, common custom and practice. I believe there is a local rule that says that oral arguments. I'm sorry. I believe there is a one. I shouldn't talk about it. I don't know it. OK. Thank you. Thank you. Thank you. Because, well, what about this point? You know, it's possible just as a legal matter to file, you know, a proper opposition to the motion for summary judgment without this discovery you're talking about. Well, there were issues as far as their probable cause that were that were crucial to responding to it. We had done a lot of work leading up to preparing these special interrogatories. That whole thing was not raised. It was irrelevant to his motion because, you know, he didn't need the power records to show probable cause. We're just talking about power records. Well, I briefed that issue in terms of the only case that we could find as to what is necessary in order to find probable cause is whether or not just finding a stem of a marijuana leaf alone with nothing else, nothing else is sufficient probable cause to search a house. My position is that it's not and especially not so. You said you briefed it. It's not a brief you filed with the court. With this court, yes. But you never filed with the district court. Oh, no, but that was that issue was not determined until after this whole thing had happened. That was that was determined in a different case in the DeArkland case, I believe, that happened afterwards. OK. Well, all right. Your time has expired. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Tashima